UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| SEPTEMBER KRUEGER,<br><br>                                    Plaintiff,<br>V.<br><br>TIMOTHY RENIHAN and WESLEY FRIESEN,<br><br>                                    Defendants. | No.    2:19-cv-625<br><br>COMPLAINT FOR DAMAGES<br><br>JURY DEMAND |
|---|---|

## I. INTRODUCTION

On October 17, 2017, two weeks shy of a felony trial, the King County Superior Court dismissed a third-degree assault charge against September Kreuger in case #16-1-02562-1. The state moved for the dismissal after Ms. Kreuger's attorney presented video evidence that the Seattle police detective whom she supposedly assaulted had, in fact, attacked her first.

Detective Timothy Renihan arrested Ms. Krueger a year and a half earlier on May 1, 2016, accusing her of spontaneously attacking him during the so-called "May Day" civic protest. On the reports by Detective Renihan and his partner, Wesley Friesen, the state charged Ms. Krueger on May 4, 2016.

COMPLAINT
Page 1 of 8



As a result of these violations of her constitutional rights, Ms. Krueger suffered physically and emotionally and spent nearly a year and a half under threat of conviction for a felony assault that she knew she did not commit.

II. **PARTIES**

1. Plaintiff September Krueger is a citizen of the United States and a resident of King County, Washington.

2. Defendant Timothy Renihan was a detective employed by the Seattle Police Department (SPD) at all relevant times. Defendant Renihan is believed to reside in the State of Washington. In committing the acts and omissions alleged, Defendant Renihan was acting under color of state law and within the course and scope of his employment by the Seattle Police Department. Defendant Renihan is sued in his official and individual capacities.

3. Defendant Wesley Friesen was a detective employed by SPD at all relevant times. Defendant Friesen is believed to reside in the State of Washington. In committing the acts and omissions alleged, Defendant Renihan was acting under color of state law and within the course and scope of his employment by the Seattle Police Department. Defendant Friesen is sued in his official and individual capacities.

4. John Does 1-5 are unknown agents of the SPD. The residences of John Does 1-5 are unknown. Upon information and belief, John Does 1-5 reside in the State of Washington.

III. **JURISDICTION & VENUE**



1. This action is brought pursuant to 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments to the United States Constitution and for a violation of Washington common law.
2. The court has original jurisdiction over this action under 28 U.S.C. §§ 1331.
3. The claims arose in King County, Washington, rendering venue proper in the Western District of Washington, Seattle courthouse, under 28 U.S.C. §1391(b)(2).
4. Jurisdiction here also is proper because the defendant is a resident of this district.

IV.   **FACTS**

1. Plaintiff September Krueger peacefully participated in a civic protest in Seattle, Wash., on May 1, 2016;
2. Among many other protestors, Plaintiff marched from Westlake Center to Pioneer Square;
3. As she completed her participation in the protest in Pioneer Square, Plaintiff was approached by Defendant Renihan and his partners, Detectives Wes Friesen and Brandon James;
4. Defendants Renihan and Friesen at the time were on-duty as a police officer;
5. Defendants Renihan and Friesen were assigned by SPD to gather intelligence on protestors;
6. The defendants were in plain clothes;
7. Defendant Renihan approached Plaintiff, using a cell phone as a video camera;
8. Defendant Renihan recorded the first 17 seconds of their encounter;

COMPLAINT
Page 3 of 8

CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

9. From a few feet away, Defendant Renihan asks Plaintiff "What're you doing, changing your clothes?";

10. Plaintiff responds "What're you taking a picture of?";

11. Defendant Renihan answers "'Cause I can.";

12. Defendant Renihan then continues: "What're you guys changing your clothes for?";

13. Plaintiff asks "What do you want?";

14. At that point, the two begin talking over each other;

15. Defendant Renihan says "I wanna know why you're changing you clothes.";

16. Plaintiff says "You're both some nasty fucking pigs, with little-ass dicks. Let me see that little dick, motherfucker. Fuck you."

17. As she says this, the video shows, Plaintiff gestures at Defendant Renihan's crotch but then immediately turns to walk away;

18. In the very next moment in the video, an altercation begins;

19. Defendant Renihan puts away the camera;

20. At the same time, a punch is audible;

21. Plaintiff is then heard to grunt or groan;

22. At that moment, the video stops;

23. Defendant Renihan later wrote that Plaintiff "took a swing at me with her right closed fist. It did not hit me.";

24. Defendant Renihan then wrote that he returned a punch with his right fist but did not know if he hit Plaintiff;

25. Defendant Renihan then wrote that he "closed the distance" between them and put Plaintiff in a bear hug to take her to the ground;

COMPLAINT
Page 4 of 8

CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

26. While they were on the ground, Defendant Renihan reported that he put his left forearm into Plaintiff's cheek to control her head;

27. Defendant Renihan wrote that Plaintiff bit him in the forearm;

28. Defendant Friesen writes a similar account of the encounter between Plaintiff and Defendant Renihan, using language substantially similar to that of Defendant Renihan;

29. Police booked Plaintiff into the King County Jail on suspicion of Assault in the Third Degree;

30. Because Plaintiff is a transgendered woman, the King County Jail placed her in protective custody;

31. Plaintiff was isolated in solitary confinement for the time she was in the King County Jail;

32. After her jailing, Plaintiff posted bail for her release on May 3, 2016;

33. The state charged Plaintiff in King County Superior Court with Assault in the Third Degree for the incident on May 4, 2016;

34. On May 18, 2016, the court ordered that Plaintiff be released on $3,000 bail, and Plaintiff remained on bail for the duration of her case;

35. The defendants' accounts were the legal basis for Plaintiff's arrest and jailing on May 1, 2016;

36. The defendants' accounts were the legal basis for the charge of Assault in the Third Degree brought in #16-1-02562-1 on May 4, 2016;

37. The defendants' accounts are contradicted by the video of the incident recorded by Defendant Renihan;

38. Plaintiff did not assault Defendant Renihan;



CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

39. Plainitiff did not initiate any contact with Defendant Renihan;

40. Plaintiff did not take swing at Defendant Renihan;

41. Plaintiff did not bite Defendant Renihan;

42. Plaintiff suffered pain and psychological trauma as the result of the defendants' actions.

## V. CLAIMS

### A. *UNLAWFUL ARREST* VIOLATION OF THE FOURTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

1. Defendant Renihan acted under color of state law with deliberate indifference to deprive Ms. Krueger of her constitutionally protected right under the Fourth Amendment to be free of unreasonable arrest by arresting her without probable cause;

2. The actions of Defendant Renihan were the direct and proximate cause of damages to Ms. Krueger as alleged in this Complaint.

### B. *EXCESSIVE FORCE* VIOLATION OF THE FOURTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983

1. Defendant Renihan acted under color of state law with deliberate indifference to deprive Ms. Krueger of her constitutionally protected right under the Fourth Amendment to be free of unreasonable arrest by punching and tackling her;

2. The actions of Defendant Renihan were the direct and proximate cause of damages to Ms. Krueger as alleged in this Complaint.

### C. *MALICIOUS PROSECUTION* VIOLATION OF THE FOURTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983 BY DEFENDANTS RENIHAN AND FRIESEN

1. Defendants Renihan and Friesen instituted a criminal prosecution against Plaintiff by fabricating evidence of assault;

2. There was no probable cause for the prosecution;


CARNEY GILLESPIE ISITT PLLP
600 1st Ave, Suite LL08
SEATTLE, WA 98104
MAIN / FAX 206•445•0220
WEB WWW.CGILAW.COM

3. The prosecution was instituted or continued through malice;

4. The prosecution was instituted or continued for the purpose of depriving Plaintiff of her rights under the Fourth and Fourteenth Amendments to the United States Constitution;

5. The prosecution was terminated or abandoned in favor of Plaintiff; and

6. Plaintiff suffered injury or damage as a result of the prosecution.

**V.   JURY DEMAND**

Plaintiff demands a trial by jury.

**VI.   RELIEF**

Plaintiff requests the following relief:

1. Judgment in an amount to be proven at trial against Defendants.

2. An award of taxable costs and attorney fees.

3. Such other relief as the court deems just and equitable.

Date: April 29, 2019.

By Attorneys for Plaintiff:

s/Sean P. Gillespie
Carney Gillespie Isitt PLLP
600 1st Ave., Suite LL08
Seattle, WA 98104
Phone & Fax: (206) 445-0220
Sean.Gillespie@CGILaw.com

s/Shira J. Stefanik
119 1st Ave S, ste 500
Seattle, WA 98104
Ph. (206) 355-0064
Fax. (206) 922-5665
shira@stefanikdefense.com

COMPLAINT
Page 7 of 8



1
2
3
4

                                s/Douglas Hiatt
                                119 1st Ave S, ste 500
                                Seattle, WA 98104
                                Ph.  (206) 412-8807
                                Fax. (866) 799-6008
                                douglas@douglashiatt.net

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

