UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEPTEMBER KRUEGER,

        *Plaintiff*

    v.

TIMOTHY RENIHAN and WESLEY FRIESEN,

        *Defendants,*

CASE NO. 2:19-cv-00625-BJR

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND PLAINTFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Before the Court is Plaintiff's Motion to Amend Plaintiff's Response to Defendants' Request for Admission. Dkt. No. 18.[1] This matter involves the alleged assault of Plaintiff September Krueger ("Plaintiff") by Defendants Timothy Renihan and Wesley Friesen (collectively "Defendants"), both detectives with the Seattle Police Department. *See* Dkt. No. 1 (Complaint). Defendants, in turn, claim that Plaintiff instigated the physical altercation by taking the first swing

---

[1] Plaintiff's motion requests oral argument. Dkt. No. 18 at 1. The Court finds that oral argument is unnecessary as it is able to decide the motion on the papers. See *Murcia v. Godfrey*, No. 19-0587, 2019 WL 3504124, at *1 n.1 (W.D. Wash. Aug. 1, 2019) (citing *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998)) (denying oral argument where "[t]he parties have thoroughly briefed the issues and oral argument would not be of assistance to the court").

and attempting to bite the detectives. *See id.* at ¶¶ 23–28; *see also* Dkt. No. 21 at 6–7.

At issue in the current motion is the deemed admission of Defendants' Request for Admission ("RFA") by Plaintiff's failure to timely respond. Defendants served Plaintiff with their RFA on November 15, 2019, making her response due by December 16, 2019. Dkt. No. 18 at 2; Dkt. No. 19-2 (Defendants' First Request for Admissions to Plaintiff September Krueger ); Dkt. No. 21 at 2. Plaintiff failed to timely respond, so Defendants sent a letter on December 20, 2019 stating that the RFA would be deemed admitted. Dkt. No. 19-4. Plaintiff, realizing her error, immediately responded with the signed answer that day, and followed up with a letter on December 23, 2019 contesting the admission by default. Dkt. No. 18 at 2; Dkt. No. 19-5 (Plaintiff's letter of response).

Plaintiff admits she provided her responses to Defendants' RFA late, but here seeks the Court's leave to amend or withdraw the deemed admissions so that she might deny the RFAs. Dkt. No. 18 at 4–7; *see also* Dkt. No. 23 at 1. She further claims that Defendants are not prejudiced by the four-day-late response. *Id.* at 5. Defendants respond that the Court should maintain the default admission and that they are prejudiced by Plaintiff's consistently late response to this and other discovery obligations. *See* Dkt. No. 21 at 6–7. Further, should the Court grant Plaintiff's motion, Defendants move for fees and costs "stemming from [her] counsel's error." *Id.* at 7–10.

Under Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." FED. R. CIV. P. 36(a)(3). But, "the court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending

the action on the merits." FED. R. CIV. P. 36(b). The decision to permit an otherwise untimely answer is firmly within the Court's discretion. *French v. United States*, 416 F.2d 1149, 1152 (9th Cir. 1968) ("[a] trial judge has discretion to permit a late response to a request for admissions made pursuant to Rule 36 F.R.Civ.P., and thus relieve a party of apparent default"); *see also Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) ("Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions"); § 2257 Time for Requests and Responses to Requests, 8B Fed. Prac. & Proc. Civ. § 2257 (3d ed.).

The Ninth Circuit has described the exercise of the district court's discretion as a two-part showing based on (1) preserving for the merits appropriate questions but weeding out aspects of the case that can be agreed upon and (2) examining the prejudice to the party who obtained the admission. *See Conlon*, 474 U.S. at 621–22; *see also Wu v. Home Depot U.S.A., Inc.*, No. 13-civ-955, 2014 WL 12102179, at *1–*2 (W.D. Wash. Aug. 19, 2014).

Here, permitting Plaintiff to amend her admissions serves Rule 36's purpose. Who instigated the altercation is a key factual dispute around which much of this matter revolves. Allowing this question to be resolved by default does not serve the ends of preserving resolution of such disputes for the finder of fact. Further, Defendants do not claim significant prejudice as to the four-day delay in which it took Plaintiff to provide her response. Instead, they claim injury based on repeated delay. While the Court warns Plaintiff that continued delays will not be judged lightly, there is no significant prejudice here in such a short delay, especially given the dire consequences of the present admissions. As such, the Court hereby GRANTS Plaintiff's motion and excuses the untimely response to Defendants' RFA.

Defendants contend that should the Court grant Plaintiff's motion, it should award fees and

costs. The Court finds, however, this is not the appropriate circumstance for such sanctions.

DATED this 19th day of Feb. , 2019.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

4